IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 08–cv–00732–RPM–KMT

E.A. RENFROE & COMPANY, INC.,

    Plaintiff,

v.

CORI RIGSBY MORAN, and
KERRI RIGSBY,

    Defendants,
and

JOHN DAGENHART,

    Interested Party.

---

# ORDER

---

This matter is before the court on "Petitioner's Combined Motion to Quash Deposition Subpoena, and Motion for Protective Order" ("Petition" [Doc. No. 1, filed April 10, 2008]). The parties submitted simultaneous briefing on the pertinent issues including, "Petitioner's Submission of Legal Authorities Re: Sufficiency of Service of Subpoena Pursuant to Fed. R. Civ. P. 45(b)(1), in Support of Combined Motion to Quash Deposition Subpoena, and Motion for Protective Order" filed by deponent Dagenhart ("Pet. Suppl."[Doc. No. 3, filed April 15, 2008]) and "Response to Petitioner's Combined Motion to Quash Deposition Subpoena and Motion for

Protective Order" filed by Alabama Defendants and proponents of the subpoena, Cori Rigsby Moran and Kerri Rigsby ("Rigsby Rsp."[Doc. No. 4, filed April 15, 2008]).

The subpoena at issue in this case sought deposition testimony from Mr. Dagenhart on April 11, 2008 at 9:00 a.m. at the offices of Holland & Hart in Denver, Colorado, the day following the filing of the Motion to Quash. The petitioner's grounds for seeking to quash the subpoena were that service of process was inadequate, inadequate notice of the deposition had been provided, and that attending the deposition in Denver would be burdensome because of the deponent's extensive business travel, all pursuant to the provisions of Fed. R. Civ. P. 45 concerning subpoenas served on non-party witnesses.

On Monday, April 14, 2008 at 2:30 p.m., the court held a telephonic hearing. [Doc. No. 5] The parties acknowledged the date originally noticed for the deposition had passed the prior Friday. The proponents of the subpoena had been notified of the impending Petition and neither Mr. Dagenhart nor any party appeared. The proponents of the deposition advised that the discovery cut-off date in the Alabama case is April 25, 2008.

The petitioner advised the court that Mr. Dagenhart traveled frequently and, although his residence was within 100 miles of the proposed deposition location, he "might" not be in Colorado at the time of any proposed deposition. The court attempted to persuade the parties to reach agreement on a date, time and place for the deposition to be rescheduled to provide Mr. Dagenhart with adequate notice and time to prepare. Mr. Dagenhart's counsel declined to accept any alternate date or place for deposition prior to the resolution of his Petition. Therefore, the court granted the oral motion of the Rigsbys to amend the notice of deposition to reflect a new

deposition date of April 25, 2008 (the discovery cut off date) at 9:00 a.m. in Denver, Colorado and ordered further briefing to be filed on April 15, 2008; as noted, both parties provided supplemental briefing.

The parties do not dispute the underlying facts concerning issuance and service of the Rule 45 subpoena on Mr. Dagenhart. On April 4, 2008, the Rigsbys' counsel issued a subpoena for the deposition of John Dagenhart to take place on April 11, 2008 in Mr. Dagenhart's residence state of Colorado. The Rigsbys hired a process server to serve the subpoena. (Rigsby Rsp. at 1). The subpoena was served on April 7, 2008 at 3:28 p.m. at Mr. Dagenhart's residence by first inquiring if Mr. Dagenhart's wife, who answered the door, would accept service. When acceptance was refused, the process server left the subpoena at the front door of the residential address. (Rigsby Rsp. Exh. A; Petition at 3).

Also undisputed is that counsel for the Rigsbys and Mr. Dagenhart conferred telephonically prior to April 11, 2008 and that counsel for the Rigsbys, when apprised of Mr. Dagenhart's travel schedule, offered to move the date of the deposition to a more convenient date for Mr. Dagenhart and also offered to move the deposition to a location where Mr. Dagenhart was working. (*See*, Rigsby Rsp., Exhibit B). The offer was declined. The same offer was made and declined during the April 14, 2008 hearing. The Rigsbys claim that Mrs. Dagenhart told the process server on April 7, 2008 that Mr. Dagenhart was out of town but that he was due to return to Colorado on April 18, 2008. (Rigsby Rsp. at 4).

The objection raised in the Petition concerning lack of sufficient notice for the taking of a deposition under Fed. R. Civ. P. 45(c)(3)(A)(I) is now moot because the original date of April 11,

3

2008 has passed, Mr. Dagenhart was not required to attend the deposition, and the new date of April 25, 2008 provides ample notice of the proposed deposition. The court notes, as well, the original subpoena was served more than 48 hours prior to the date of the proposed deposition on April 11, 2008, so in any event was timely according to the Local Rules of this court. D.C.Colo.LCivR. 45.1

The remaining issues before the Court, then, are whether service of a subpoena on a non-party individual pursuant to Rule 45(b)(1) must be accomplished by personal, hand-to-hand service under the facts and circumstances of this case and whether Mr. Dagenhart is required to attend a deposition in Denver, Colorado which undisputedly is within 100 miles of his residence in Castle Rock, Colorado.

The primary issue between parties in any contest involving the proper and appropriate service of process or notice is whether Due Process requirements were fulfilled as detailed by the United States Supreme Court in *Mullane v. Central Hanover Bank and Trust Co.*, 339 U.S. 306 (1950). In *Mullane*, the Supreme Court clearly articulated the due process requirements of service:

> An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. The notice must be of such nature as reasonably to convey the required information, and it must afford a reasonable time for those interested to make their appearance.

*Id.* at 314 (citations omitted); *see also Henderson v. United States*, 517 U.S. 654, 672 (1996) ("[T]he core function of service is to supply notice of the pendency of a legal action, in a manner

and at a time that affords the defendant a fair opportunity to answer the complaint and present defenses and objections.")

The Supreme Court held that Due Process is satisfied when a recipient receives notice of the activity involved and is provided with an opportunity to be heard. The notice prong of *Mullane* requires that notice must be transmitted in a manner that is reasonably calculated to reach the recipient, "The means [of service] must be such as one desirous of actually informing the absentee might reasonably adopt to accomplish it. The reasonableness and hence the constitutional validity of any chosen method may be defended on the ground that it is in itself reasonably certain to inform those affected . . . . " *Id.*

Rule 45(b)(1), under which subpoenas requiring a non-party to provide testimony through deposition can be issued, provides that, "[s]erving a subpoena requires delivering a copy to the named person and, if the subpoena requires that person's attendance, tendering the fees for 1 day's attendance and the mileage allowed by law." Although the wording of the Rule subsequent to the December 1, 2007 rule amendments has changed somewhat, the requirement of "delivery" to the person remains intact.

Although the rule does not now, and never has, used the term "personal service,"many courts have interpreted the relevant language as permitting exclusively hand-to-hand personal service. *See, i.e. Klockner Namasco Holdings Corporation v. Daily Access. Com, Inc.*, 211 F.R.D. 685, 687 (N.D. Ga. 2002) (in the context of a motion to compel and for sanctions, personal service of deposition subpoena on nonparty deponent's wife at nonparty deponent's residence not proper because nonparty deponent was not personally served); *Weiss v. Allstate*

5

*Insurance Company*, 512 F. Supp. 2d 463 (E.D. La. 2007) (service is improper if the person himself is not served with a copy of the subpoena); *Smith v. Midland Brake, Inc.*, 162 F.R.D. 683, 685-86 (D. Kan. 1995) (certified mail not acknowledged by deponent did not constitute valid service under Rule 45).

Several courts have held, however, that personal service of a subpoena is not required in every instance pursuant to Fed. R. Civ. P. 45. *See, e.g., King v. Crown Plastering Corp.*, 170 F.R.D. 355, 356 (E.D.N.Y. 1997) ("the court sees no reason for requiring in hand delivery so long as service is made in a manner that reasonably insures actual receipt of the subpoena by the witness"); *First Nationwide Bank v. Shur*, 184 B.R. 640, 642 (E.D.N.Y. 1995)(" 'delivering' a copy of a subpoena, for the purposes of Rule 45 includes any act or series of acts that reasonably assures the entity to which it is addressed fair and timely notice of its issuance, contents, purpose and effect"); *Hinds v. Bodie,* 1988 WL 33123, *1 (E.D.N.Y. 1988) (court ordered service by alternative means after five unsuccessful attempts to serve subpoena on non-party witness). There appears to be no binding precedent in the Tenth Circuit favoring either position.

The starting point for the interpretation of a statute or Rule is the language of the statute itself. "Absent a clearly expressed legislative intention to the contrary, that language must ordinarily be regarded as conclusive." *Kaiser Aluminum & Chemical Corp. v. Bonjorno*, 494 U.S. 827, 835 (1990); *see also Mountain States Tel. & Tel. Co. v. Pueblo of Santa Ana*, 472 U.S. 237, 249 (1985).

The language of Rule 45 does not explicitly demand personal service of a subpoena, but instead requires only that a copy be "deliver[ed]" to the person whose attendance is sought. Such

6

language neither strictly requires in-hand service nor prohibits alternative means of service. *Shur*, 184 B.R. at 642; *Ultradent Prods., Inc. v. Hayman*, D.C.N.Y. 2002, 2002 WL 31119425, *3 (D.C.N.Y. 2002) (citing Charles Allan Wright & Arthur R. Miller, *Federal Practice and Procedure Civil 2d,* (2d Ed. 1995). *See also*, *Western Resources, Inc. v. Union Pac. R.R. Co.*, 2002 WL 1822432 (D. Kan. 2002) (effective service under Rule 45 not limited to personal service); *W.E. Green v. Baca*, 2005 WL 283361 (C.D. Cal. 2005) (same).

The American Heritage Dictionary of the English Language (hereinafter, "The American Heritage Dictionary") defines "deliver" as "[t]o bring or transport to the proper place or recipient." *The American Heritage Dictionary of the English Language* 494 (3d Ed.). "Transport" is defined as "[t]o carry from one place to another; convey", *id.* at 1903, and "convey" is defined, in part, as "[t]o communicate or make known; impart", *id.* at 412. Nothing in the everyday meaning of any of these words expresses or suggests a requirement that "delivery" be effected exclusively by the hand of one human being to the hand of another. *Shur*, 184 B.R. at 642. Black's Law Dictionary defines "delivery" as "[t]he act by which the res or substance thereof is placed within the actual or constructive possession or control of another." *Black's Law Dictionary* 428 (6th Ed. 1990). Based upon the construction of the English language, the *Shur* court concluded, "any act or <u>series of acts</u>" which assures the subject of the subpoena fair and timely notice is proper under the plain language of Rule 45. *Id.* at 642-643.

Reading the relevant language to require personal service would also render superfluous that part of Rule 45 indicating that proof of service is accomplished under the rule "by filing with the clerk of the court ... a statement of the date and manner of service." Fed. R. Civ. P. 45(b)(3).

7

If the only manner of service permitted under the rule were by hand, no statement of the manner of service would be necessary. *King v. Crown Plastering Corp.* 170 F.R.D. at 356. Moreover, if Rule 45 is read as requiring personal, in-hand service, then the language in Rule 4(e) specifying that "delivery" to the relevant individual be done "personally" would be pure surplusage. *See* Fed. R. Civ. P. 4(e)(2) (service may be effected by "delivering a copy of the summons and of the complaint to the individual personally.").

Fed. R. Civ. 4 bears many similarities with Rule 45. Rule 4 governs issuance and service of a summons. Rule 4 sets forth the requirements for service of the summons and details--with great specificity--the guidelines for service on different types of defendants. Rule 4 very explicitly provides several methods of service of a summons on an individual in the United States. As recognized in the Advisory Committee's note to the 1993 Amendments of the Federal Rules of Civil Procedure, the term "service of process" is not limited to service of the summons and complaint but covers other process as well. Fed. R. Civ. P. 4, advisory committee's note at 1993 Amendment. *See also Ultradent Products*, 2002 WL 31119425 at *3.

Service of a summons and complaint on a party, governed by Rule 4, both notifies the party of a pending action and compels that party to comply by filing responsive papers or suffering a default judgment to be entered against it. Similarly, service of a subpoena on a third party witness to a litigation notifies the witness that his appearance is required, and compels compliance with the order therein. The elements of notice and compulsion exist under both Rules. *Id.* at 3-4. At least one recent court has opined, "the court sees no policy distinction between Rules 4, 5 and 45, such that service other than personal service should be sufficient under

8

the first two but not the third. *W.E. Green*, 2005 WL 283361 at ftn 1 (service made by "leaving it at the person's office with a clerk or other person in charge, or if no one is in charge, leaving it at a conspicuous place in the office" is sufficient service.)

The obvious purpose of Rule 45(b) is to mandate effective notice to the subpoenaed party, rather than "slavishly adhere to one particular type of service." *Hall v. Sullivan*, 229 F.R.D. 501, 503-06 (D. Md., 2005) Thus, it is clear from the protections provided in Rule 45 that when a non-party receives actual notice, as Dagenhart did in this case, that party can protect itself from being compelled to give deposition testimony simply by filing objections as Mr. Dagenhart has done in this case. *See* Fed. R. Civ. P. 45(c)(2)(A). The courts that have upheld service by alternative means have uniformly held that what is mandated is that service be made in a manner which reasonably insures actual receipt of the subpoena. *See King v. Crown Plastering Corp., 170 F.R.D. at 356*. Whether or not a potential deponent in the position of Mr. Dagenhart was served "hand-to-hand" becomes a moot point from a practical perspective.

The only Colorado federal case to squarely focus on this issue is *Windsor v. Martindale* 175 F.R.D. 665, 669-70 (D. Colo. 1997). In that case the court addressed service by a prisoner plaintiff via his own private mailing as well as service made by certified mailing initiated by the U.S. Marshals Service. The court in *Windsor* quashed subpoenas with attempted mail service by the plaintiff. However, service by certified mail undertaken by the United States Marshals Service was upheld as an acceptable variation of permissible service. The court noted that

> [d]ue to limited staff and budget constraints, certified mail is used for service by
> the United States Marshals Service on many pleadings. [The deponents] have not

> argued that they did not get the subpoenas. They simply maintain that they should not have to respond, as the subpoenas were mailed.

*Id.* at 670. Key to the *Windsor* court's decision to uphold the service by certified mail was the fact the deponent had actual notice of the subpoena. The court stated,

> Service by certified mail by the United States Marshals Service provides a fair and economical means of serving process. There has been no denial of due process of law by such service. (citations omitted) The subpoenas duces tecum to [the deponents] cannot be quashed solely on the basis that they were served by the United States Marshals Service by mail.

*Id.* The court's determination regarding proper service was largely driven by effectuating the purposes of the Rule, the constraints of due process and the underlying posture of the particular case. *See also* 9 Moore's Federal Practice 3d at § 45.21(1) ("Requiring personal service of a subpoena . . . seems unduly restrictive . . . The apparent purpose of the service requirement is to ensure receipt, so that notice will be provided to the recipient.")

This action in Colorado was initiated by Mr. Dagenhart protesting his appearance as subpoenaed by the Rigsbys and seeking a protective order. The very filing of the motion and petition to the court reflect that Mr. Dagenhart did, in fact, receive "delivery" of the subpoena which he was able to contest on its merits. The court, however, can envision a very different scenario had Mr. Dagenhart failed to appear for the subpoenaed deposition on April 11, 2008 and the Rigsbys brought the action in Colorado to compel the attendance of Mr. Dagenhart. This was precisely the alternate position faced by the Georgia court mentioned earlier where personal service of a Rule 45 subpoena was held to be required. *Klockner Namasco*, 211 F.R.D. at 686. In the first instance, whether Mr. Dagenhart received hand-to-hand personal service is somewhat

superfluous – clearly he had notice of the subpoena and an opportunity to respond without any prejudice or fear of sanctions. In the second instance, however, whether and how service of the subpoena was made would be critical to the determination of whether the intended recipient of a subpoena would face sanctions for his failure to appear.

In accordance with the interpretative principle that the Federal Rules of Civil Procedure "be construed and administered to secure the just, speedy, and inexpensive determination of every action," Fed. R. Civ. P. 1, and given the textual ambiguity of Rule 45 combined with the fact the Mr. Dagenhart frequently travels out of state and cannot be readily or easily located to effect hand-to-hand personal service, and considering the cost and delay that would result by requiring further attempts at such service, this Court thus joins those holding that effective service under Rule 45 is not limited to hand-to-hand personal service in every case. The Federal Rules should not be construed as a shield for a witness who is purposefully attempting to evade service, as it appears Mr. Dagenhart may be as evidenced by the lack of cooperation on his part to suggest alternate venues and dates. Because the alternative service used here accomplished the goal of actual receipt of the subpoena by the witness,[1] the "delivery" requirement of Rule 45 has been met, and Mr. Dagenhart has been provided with fair and timely notice of his obligation to produce documents. Further, permitting service of the deposition subpoena to Mr. Dagenhart by less than personal, but nonetheless effective service, in no way prejudices Mr. Dagenhart since he has been

---

[1]This order does not stand for the proposition that the particular form of service employed in this case would always meet the test of reasonable assurance of receipt by the deponent pursuant to Fed. R. Civ. P. 45, but only that it did in this instance.

fully able to avail himself of the procedural protections of Rule 45(c)(2)(B), the same as he would have been if personally served.

As noted above, deponent's counsel advised during the hearing on April 14, 2008, that Mr. Dagenhart travels extensively. The proponents expressed willingness to hold the deposition at another location specified by the deponent for his convenience, however no alternative venue was suggested or agreed to. In light of the offers made and refused, this court concludes that appearance in Denver, Colorado, approximately thirty miles north of Mr. Dagenhart's residence, is not an undue hardship.

It is therefore ORDERED "Petitioner's Combined Motion to Quash Deposition Subpoena, and Motion for Protective Order" [Doc. No. 1] is DENIED. The deponent, John Dagenhart, is ORDERED to appear on April 25, 2008 at 9:00 a.m. for the taking of testimony at the offices of Holland & Hart, LLP, 555 Seventeenth Street, Suite 3200, Denver, Colorado 80202, as set forth in the amended deposition subpoena, .

Dated this 17th day of April, 2008.

                                        BY THE COURT:

                                        s/ Kathleen M. Tafoya
                                        KATHLEEN M. TAFOYA
                                        United States Magistrate Judge